RECEIVED
USDC, WESTERN DISTRICT
ROBERT H. SHEMWELL, CL
ALEXANDRIA, LOUISIANA
DATE  6/23/08
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LOVE ALTONIO BROOKS<br>    FED. REG. NO. 45225-053 | CIVIL ACTION NO. 08-0425 |
| VS. | SECTION P<br>JUDGE DRELL |
| MILTON WHITE, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

On March 27, 2008, *pro se* plaintiff Love Altonio Brooks, a federal prisoner in the custody of the Bureau of Prisons (BOP), who is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP), appearing *in forma pauperis*, filed the instant civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] Plaintiff claims that he was denied due process in prison disciplinary hearings conducted at USPP in August and September 2006. He seeks compensatory damages of $800,000 for the violation of his rights and expungement of the charge. He named Disciplinary Hearing Officer (DHO) Milton White and Alternate DHO B. Dupont as defendants. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH**

---

[1] <u>Bivens</u> authorizes civil rights suits filed against federal agents or employees.

**PREJUDICE** as frivolous.

### *Statement of the Case*

Love Altonio Brooks is a prisoner in the custody of the BOP. He is incarcerated at the USPP where he is serving two concurrent life sentences plus 50 years imposed following his 1996 convictions on various felonies in the United States District Court for the Eastern District of New York. [See <u>Brooks v. United States of America</u>, 2005 WL 2076565 (E.D.N.Y.,2005)].

On July 24, 2006 plaintiff allegedly grabbed the buttocks of a corrections officer and he was charged with a disciplinary rules violation. According to the incident report, Cook Supervisor Lockhart reported that upon the completion of her morning dining shift she was walking toward the door which separates the staff dining room from the kitchen. Plaintiff was discussing tray preparation for the Special Housing Unit (SHU). While Lockhart was unlocking the door, plaintiff grabbed her on the right side of her buttocks. Plaintiff denied the allegation and claimed that Ms. Lockhart and he were discussing another inmate and she became angry with plaintiff and filed this charge for that reason. [rec. doc. 5, Exhibit 1]

In due course, the disciplinary charges were referred to the Disciplinary Hearing Officer. On July 27, 2006 plaintiff was formally notified of the charges and advised of his rights with

2

regard to the pending charges. [rec. doc. 5, Exhibits 2A and B]

According to plaintiff, on August 1, 2006 he appeared before DHO Milton who held plaintiff's hearing without any of plaintiff's requested witnesses and in the absence of his requested staff representative. He was apparently found guilty of the disciplinary rules violation and sentenced to serve an unspecified number of days in the USPP Special Housing Unit (SHU). [rec. doc. 1, ¶IV]

Plaintiff apparently protested and 31 days later another hearing was convened before Alternate DHO B. Dupont. Again, according to plaintiff, the hearing was conducted without plaintiff's witnesses and without his requested staff representative. According to plaintiff, he was again found guilty and "sanctioned harshly." DHO Dupont noted in his report that plaintiff waived his rights, but plaintiff denies having done so. [rec. doc. 1, ¶IV]

The Disciplinary Hearing Officer Report submitted by plaintiff reveals the following. The DHO Hearing was convened on August 23, 2006. According to the DHO, plaintiff waived staff representation and requested no witnesses. [rec. doc. 5, Exhibit 3, ¶¶ II-A, III-B, and III-C-1.] In addition to the Incident Report, the DHO considered memoranda from M. Taylor, L. Lockhart, T. Kennedy and M. Gauthier. [rec. doc. 5, Exhibit 3, ¶ III-D] Plaintiff was found guilty of the offense based on the evidence

presented by USPP staff. According to the DHO, greater weight was given to the staff's statements rather than plaintiff's denial. [rec. doc. 5, Exhibit 3, ¶V] Plaintiff was ordered confined to Disciplinary Segregation for 30 days and, he was additionally sanctioned by the loss of all privileges for 1 year. The DHO also recommended a disciplinary transfer. [rec. doc. 5, Exhibit 3, ¶VI]

On August 30, 2006, plaintiff appealed his conviction complaining about the "illegal hearing" on August 1 and the denial of staff representation and witnesses at both hearings. He also complained that the sanctions imposed were excessive and that the DHO was without authority to deprive him of visitation. [rec. doc. 5, Exhibit 4A] On January 9, 2007 his appeal was denied by the Regional Director who found: (1) that plaintiff had waived his right to representation and witnesses; (2) that the evidence was sufficient to support the DHO's findings; and (3) that the sanctions were commensurate with the offense. [rec. doc. 5, Exhibit 4A] He appealed to BOP Headquarters and alleged again that his due process rights were violated in both hearings. [rec. doc. 5, Exhibit 4B] On April 5, 2007 his appeal was denied. [rec. doc. 5, Exhibit 4B]

Plaintiff signed his complaint on March 23, 2008; it was received and filed on March 27, 2008.

## Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C. §1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v.

5

McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir.1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v.

Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Plaintiff has set forth specific facts which he claims entitles him to relief. He need not be afforded an opportunity to amend his complaint.

### 2. *Liberty Interest*

Neither 42 U.S.C. §1983 nor its federal analogue, Bivens are themselves sources of substantive rights; they merely provide the method for vindicating rights conferred elsewhere. Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 n. 3 (5th Cir. 1999); Izen v. Catalina, 398 F.3d 363, 367 n. 3 (5th Cir.2005)(A Bivens action is analogous to an action under § 1983 except that § 1983 applies to constitutional violations by state, rather than federal actors; the Fifth Circuit does not distinguish between Bivens and § 1983 claims.)

Thus, in order to state a valid civil rights claim under either §1983 or Bivens, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States; and he must show that the alleged deprivation was committed by a person acting under color of state(in the case of a §1983 complaint) or federal law (in a case filed pursuant to Bivens). See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Izen v. Catalina, 398 F.3d at 367 n. 3.

Plaintiff claims, in essence, that the defendants, acting under color of federal law, violated his Fifth Amendment due

7

process rights with regard to the prosecution of the disciplinary charges which arose on July 24, 2006. As such, plaintiff has failed to state a claim for which relief may be granted.

In <u>Sandin v. Connor</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the United States Supreme Court clarified when due process protections attach to the prison disciplinary process. The Court held that the Due Process Clause does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. <u>Sandin</u>, 515 U.S. at 486. The Court noted that the protections of Fourteenth Amendment due process defined in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), i.e. notice, hearing, impartial hearing officer, etc., do not apply to disciplinary sentences that do not present "a dramatic departure from the conditions of the [prisoner's] sentence." The Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484.

Thus, under the guidance provided by <u>Sandin</u>, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect the prisoner's release date will implicate a constitutionally protected liberty interest. <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir.1995).

Moreover, in commenting on <u>Sandin</u>, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the <u>quantity</u> of time rather than the <u>quality</u> of time served by a prisoner. <u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir.1997)(citing <u>Sandin</u>, 515 U .S. at 478). As noted by the Fifth Circuit, "the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." <u>Madison</u>, 104 F.3d 767 (citing <u>Sandin</u>, 515 U.S. at 478)(citing <u>Meachum v. Fano</u>, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451(1976)). Accordingly, the Fifth Circuit held that 30 day commissary and cell restrictions imposed as punishment are, in fact, merely changes in the conditions of confinement which do not implicate due process concerns. <u>Madison</u>, 104 F.3d at 768.

Relying on <u>Sandin</u>, the Fifth Circuit has also found that "administrative segregation, without more, simply does not

9

constitute a deprivation of a constitutionally cognizable liberty interest." Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir.1996) (quoting Luken v. Scott, 71 F.3d 192, 193 (5th 1995)) (rejecting claim that confinement in administrative segregation violated a prisoner's due process rights); Crowder v. True, 74 F.3d 812, 814-15 (7th Cir.1996) (federal prisoner's detention for three months in administrative segregation did not constitute a significant, atypical hardship which constituted a deprivation of a liberty interest).

The Fifth Circuit has also rejected the notion that the additional restrictions imposed on those in administrative segregation violate due process rights. Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998) (per curiam). ("... absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." Id. at 580).

Finally, the Fifth Circuit has held that prisoners do not have a general liberty interest to be free from prison transfers. Biliski v. Harborth, 55 F.3d 160, 161 (5th Cir.1995), cited in Burgess v. Johnson, 208 F.3d 1006 (5th Cir. 2000).

In the instant action, plaintiff was not deprived of any good time credits as a result of the complained of disciplinary

action. The penalties imposed following the DHO's adjudication included: (1) confinement in administrative segregation for a period of 30 days; (2) loss of all privileges for one year; and (3) the recommendation of a disciplinary transfer.[2] Thus, while the disciplinary action resulted in confinement to SHU and caused plaintiff to lose certain privileges, such restrictions did not impose an atypical, significant hardship on plaintiff in relation to the ordinary incidences of prison life. Consequently, no federally protected due process rights were violated in connection with plaintiff's disciplinary hearing and its aftermath. Plaintiff's due process claims lack an arguable basis in law, because, read liberally, his complaint "alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, at 718. In short, since plaintiff's claim that he was denied due process lacks an arguable basis in law, it is recommended that the original complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

3. *Conclusion and Recommendation*

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be

---

[2] Plaintiff claims that he actually spent 61 days in administrative segregation, an allegation accepted as true for the purposes of this Report. Further, while transfer was recommended by the DHO, it does not appear that plaintiff was transferred as a result of the disciplinary confiction.

**DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C.1915(e)(2);

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Alexandria, Louisiana, June 23, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE